In re **INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION.**

No. 77.

Judicial Panel on Multidistrict Litigation.

Aug. 23, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This multidistrict antitrust litigation encompasses nine actions pending in three different districts: four in the Western District of Missouri, three in the Northern District of California, and two in the Eastern District of Pennsylvania.[1] See Schedule A. All of these actions are brought by current or former franchisees of the International House of Pancakes claiming that the defendant violated the antitrust laws through an "illegal tying arrangement."

All parties wholeheartedly agree that these cases are appropriate for transfer to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.[2] These actions present virtually identical legal theories and involve substantially identical questions of fact with regard to the defendant's franchise agreements. In addition, at least four of these actions are brought as class actions under Rule 23, F.R.Civ.P. and present conflicting and overlapping class claims. There can be little doubt that these cases are appropriate for transfer under section 1407.

The only point of controversy among the parties is the selection of the transferee district. The defendant favors the Central District of California where its main offices are located and, as a second choice, suggests the Northern District of California where three of these actions are now pending. The Northern District of California is also, quite understandably, the choice of the plaintiffs in the cases in that district as well as the plaintiffs in the two actions now pending in the Eastern District of Pennsylvania. The plaintiffs in the four actions pending in the Western District of Missouri, equally understandably, prefer their own district. We find their arguments more persuasive than those advanced by the other parties.

The primary reason for selecting the Western District of Missouri is the fact that the Missouri cases are in a significantly more advanced stage than are those in any other district. For this reason, the judge to whom those cases are now assigned, Judge William R. Collinson, has a greater degree of familiarity with this litigation than do either of the other judges to whom these cases are assigned. Although a relatively small amount of discovery has taken place in *these cases*, a substantial amount of discovery was conducted in the Western District of Missouri in connection with a now dismissed case,[3] as-

* Although Judges Wisdom and Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.

1. The *Erickson* case was filed a day or two before the hearing and was therefore not included on either the show cause order or the hearing order. It is being included in this transfer order (rather than being treated as a "tag-along case") at the request of counsel for the plaintiff and with the consent of all other parties.

2. At one time the defendant opposed transfer of the *Weth* and *Harvey* cases on the

grounds that both presented "threshold issues" which could only be decided by the transferor court. The defendant has withdrawn this objection and now favors the immediate transfer of all cases. Of course, the transferee judge may consider any "threshold questions" before proceeding with substantive discovery. See Manual for Complex and Multidistrict Litigation, section 1.8.

3. Price v. International Industries, Inc., an action which was brought on October 2, 1967 and dismissed on March 20, 1970.

sertedly with an understanding that the discovery in those cases would be available to the plaintiff in the other cases pending in the Western District of Missouri as well. The parties disagree on the completeness of the discovery but we cannot overlook the plaintiffs' statement that the completed discovery fulfills a large part of their requirements. Certainly the previous involvement of Judge Collinson in that case has added to his familiarity with this litigation. Perhaps more important, however, is the fact that class action motions have been briefed and argued before Judge Collinson in the cases now pending in the Western District of Missouri and he is well aware of the existence of the other cases and the potential for conflicting class action determinations. Since this is litigation involving a nationwide franchise system, there is some further merit in conducting pretrial proceedings from a centrally located metropolitan area such as Kansas City, Missouri. For all of these reasons we are satisfied that the convenience of the parties and witnesses and the just and efficient conduct of this litigation will be promoted by transferring all pending cases to the Western District of Missouri and assigning them to Judge William R. Collinson.

It is therefore ordered that all actions on the attached Schedule A pending in other districts are hereby transferred to the Western District of Missouri and, with the consent of that court, are hereby assigned to the Honorable William R. Collinson for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

## SCHEDULE A

### Western District of Missouri

| | |
|---|---|
| Robert J. Helfenbein & Circle Investments of Missouri, Inc. v. International Industries, Inc., et al. | Civil Action 17281–2 |
| Robert J. Helfenbein & Crescent Investments of Iowa, Inc. v. International Industries, Inc., et al. | Civil Action 17282–2 |
| Joe Jimmie Reed v. International Industries, Inc. | Civil Action 19231–2 |
| Richard D. Harvey v. International Industries, Inc., et al. | Civil Action 19281–2 |

### Northern District of California

| | |
|---|---|
| Terry W. Fairbanks v. International Industries, Inc. | Civil Action 71–653–OJC |
| William H. Webb v. International Industries, Inc. | Civil Action 71–654–OJC |
| John N. Nenninger v. International Industries, Inc. | Civil Action 71–655–OJC |

### Eastern District of Pennsylvania

| | |
|---|---|
| Rudolph Weth v. International Industries | Civil Action 70–2256 |
| Richard L. Erickson v. International Industries | Civil Action 71–1874 |