### In re INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION.

*Bernard A. Finch v. Master Hosts International, Inc.,* N.D. Calif., Civil Action No. C–71–926–RFP.

*John Rosser v. International Industries, Inc., et al.,* W.D. Missouri, Civil Action No. 20037–4.

*Robert C. T. Huang v. International Industries, et al.,* W.D. Missouri, Civil Action No. 20036–4.

No. 77.

Judicial Panel on Multidistrict Litigation.

May 30, 1972.

---

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, JOHN MINOR WISDOM,* ED-

WARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred nine antitrust actions brought by current or former franchisees of the International House of Pancakes to the Western District of Missouri for pretrial purposes. In re International House of Pancakes Franchise Litigation, 331 F.Supp. 556 (J.P.M.L.1971). The principal defendant in each of those actions is International Industries Co., franchisor of the International House of Pancakes restaurants. It appears that at some point after 1960 International Industries also purchased a group of Copper Penny restaurants and subsequently began a franchising program under this name. This business was subsequently transferred to a subsidiary of International Industries, Master Hosts International, Inc. Another corporation, E. H. R. Corp., which is allegedly a subsidiary of Master Hosts, is also involved in the franchising of some of the Copper Penny restaurants.

Since the transfer of the actions against International Industries concerning the International House of Pancakes franchise, three antitrust actions have been filed by franchisees of the Copper Penny restaurants. Two of these actions are pending in the Western District of Missouri and one in the Northern District of California. Plaintiffs in these three suits, who are represented by the same counsel as several plaintiffs in the International House of Pancakes litigation, ask the Panel to transfer their suits to the Western District of Missouri for pretrial proceedings with the House of Pancakes litigation. Alternatively, they request transfer to that district for separate pretrial proceedings

---

* Judges Wisdom and Becker were not present at the hearing, but they have, with the consent of all parties, participated in this decision.

before Judge Collinson, transferee judge in the House of Pancakes Litigation.[1]

The Copper Penny plaintiffs assert that their complaints make allegations virtually identical to those in the House of Pancakes complaints. In both groups of cases questions are raised concerning vertical price-fixing, tying arrangements, exclusive dealing contracts, horizontal price-fixing and monopolization of the captive franchisee market. The explanation for the identical allegations, the plaintiffs suggest, is the near identity of the franchise agreements used in the Copper Penny and House of Pancakes operations. They place particular emphasis on those portions of the agreements relating to services of the franchisor and duties of the franchisee.

International Industries, Master Hosts International and E. H. R. Corp. oppose transfer of the three Copper Penny actions to the Western District of Missouri for pretrial proceedings. They contend that, in spite of the common ownership of the operations, there will be no issues of fact common to both the Copper Penny and House of Pancakes cases. It is asserted that these two franchise systems were operated separately and that only a few employees worked with both franchises. In addition, defendants urge that there is a great dissimilarity in the relevant geographical markets for the two franchises —the House of Pancakes operation consisting of 300 franchisees in almost every state while the Copper Penny operation has only 29 franchisees, 23 of which are in California. Finally, it is argued that venue is improper in the two Missouri Copper Penny actions and that these actions should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406(a). Defendants have filed a motion to this effect in the Western District of Missouri and urge that the granting of that motion would place all three Copper Penny cases in one district where they could be consolidated for pretrial and trial.

██ The fact that defendants have moved for a change in venue under Section 1406 does not preclude transfer under Section 1407. As we stated in the In re Kauffman Mutual Fund Actions, 337 F.Supp. 1337 (J.P.M.L.1972), "the Panel's discretion under Section 1407 is not limited by venue considerations" but turns on the existence of common questions of fact and questions concerning the convenience of the parties and witnesses and the just and efficient conduct of the actions. After a thorough consideration of the briefs and arguments, we have concluded that the requirements of Section 1407 are satisfied and that the Copper Penny actions must be transferred to Judge Collinson in the Western District of Missouri for pretrial proceedings with the House of Pancakes litigation.[2] Although two different franchises are involved, the common defendants, the similarity of operating procedures and the possible overlap in defendants' supervisory personnel are certain to produce at least some common areas of discovery which would benefit from assignment to a single judge. Transfer need not unduly prolong pretrial proceedings for the transferee judge, who is most familiar with the facts of this litigation, may set the bounds of common discovery to be completed before any remand.

It is therefore ordered that the above-captioned actions be, and the same hereby are, transferred to the Western District of Missouri and, with the prior consent of that court, assigned to the Honorable William J. Collinson for coordinated or consolidated pretrial proceed-

1. Plaintiffs also requested Judge Collinson to consolidate the two Missouri Copper Penny actions with the House of Pancakes Litigation. Judge Collinson declined to rule on that motion in view of the present motion pending before the Panel.

2. By so ruling we do not intend to indicate any views on the merits of defendants' motion for change of venue. This is a matter committed to the discretion of the district judge.

ings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A pending in that district.

SCHEDULE A

Western District of Missouri

| | |
|---|---|
| Robert J. Helfenbein & Circle Investments of Missouri, Inc. v. International Industries, Inc., et al. | Civil Action No. 17281–2 |
| Robert J. Helfenbein & Crescent Investments of Iowa, Inc. v. International Industries, Inc., et al. | Civil Action No. 17282–2 |
| Joe Jimmie Reed v. International Industries, Inc. | Civil Action No. 19231–2 |
| Richard D. Harvey v. International Industries, Inc., et al. | Civil Action No. 19281–2 |
| Terry W. Fairbanks v. International Industries, Inc. (N.D. Calif., No. 71–653–OJC) | Civil Action No. 19662–2 |
| William H. Webb v. International Industries, Inc. (N.D. Calif., No. 71–654–OJC) | Civil Action No. 19663–2 |
| John N. Nenninger v. International Industries, Inc. (N.D. Calif., No. 71–655–OJC) | Civil Action No. 19664–2 |
| Rudolf Weth v. International Industries (E.D. Pa., No. 70–2256) | Civil Action No. 19665–2 |
| Richard L. Erickson v. International Industries, Inc. (E.D. Pa., No. 71–1874) | Civil Action No. 19666–2 |