**In re INTERNATIONAL HOUSE OF PANCAKES FRANCHISE LITIGATION.**

*I.H.O.P. 36–09, Inc. v. FMS Management Systems, Inc.,* S.D. Florida, Civil Action No. 73–331–CF.

**No. 77.**

Judicial Panel on Multidistrict Litigation.

April 26, 1974.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable William R. Collinson for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re International House of Pancakes Franchise Litigation, 331 F.Supp. 556 (Jud.Pan.Mult.Lit. 1971) and 343 F. Supp. 948 (Jud.Pan.Mult.Lit. 1972). The above-captioned tag-along action was conditionally transferred by the Panel to that district. FMS Management Systems, Inc., defendant in this action, and International Industries, Inc., the principal defendant in the actions pending in the transferee district, oppose transfer. On the basis of the briefs filed and the hearing held, we find that transfer of this action to the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

FMS is the franchisor of International House of Pancakes Restaurants for the Florida area. Plaintiff, one of its franchisees, filed this action in the Southern District of Florida alleging that FMS violated the federal antitrust laws by engaging in a combination and conspiracy in unreasonable restraint of interstate trade and commerce with respect to restaurant furniture, fixtures and equipment; restaurant supplies and food-items; restaurant prepared-foods; and advertising, insurance and management service. International Industries, Inc., the nationwide franchisor of International House of Pancakes, granted FMS the rights to sell franchises in Florida and is named as a co-conspirator but not as a party defendant in the Florida action.

Plaintiff in the Florida action and an individual who is its sole stockholder were allowed by Judge Collinson to intervene in one of the actions pending in the transferee district. The complaint

filed by the plaintiffs-intervenors names International Industries as the sole defendant and FMS as a co-conspirator, and contains allegations of antitrust violations similar to those asserted against FMS in the Florida action.

FMS and International Industries concede that the Florida action is virtually identical to the intervenor's action but argue that the Florida action does not share significant factual issues with the other actions pending in the transferee district. FMS also contends that since it is not named as a defendant in any of the actions pending in the transferee district, it has not participated in any of the discovery that has taken place there and, therefore, would be highly prejudiced by transfer so late in the pretrial proceedings.

It is clear that the criteria for transfer of the Florida action to the Western District of Missouri under Section 1407 are satisfied. Not only do the Florida and intervenors' actions involve common questions of fact, but the nature of the antitrust allegations in the Florida action also raises common factual issues with the rest of the litigation in the transferee district. Accordingly, transfer of this action will avoid duplicating discovery previously completed or yet to be undertaken in the coordinated or consolidated pretrial proceedings. Moreover, we do not perceive how transfer at this time will prejudice FMS. Discovery in the Florida action is not well advanced. And even assuming that discovery in the other actions is completed, appropriate orders may be entered by the transferee court making that discovery available to FMS as well as to plaintiff and thereby preventing unnecessary duplication and inconvenience. *See* Manual for Complex Litigation, Part I, § 3.-11 (1973).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled I.H.O.P. 36–09, Inc. v. FMS Management Systems, Inc., S.D. Florida, Civil Action No. 73–331–CF be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable William R. Collinson for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.